1  Rodney S. Diggs, Esq. (SBN 274459)
2  rdiggs@imwlaw.com
   Marina Samson, Esq. (SBN 315024)
3  msamson@imwlaw.com
4  Ivie McNeill Wyatt Purcell & Diggs
   A Professional Law Corporation
5  444 South Flower Street, Suite 3200
6  Los Angeles, California 90071
   Tel.: (213) 489-0028/Fax: (213) 489-0552
7
8  Attorneys for Defendant,
   **THE RUSSIAN FEDERATION**
9
10
11             **UNITED STATES DISTRICT COURT**
12
13             **EASTERN DISTRICT OF CALIFORNIA**
14

| | |
|---|---|
| ZORYA RESEARCH AND PRODUCTION ENTERPRISES, <br><br>*Plaintiff*, <br><br>v. <br><br>THE RUSSIAN FEDERATION; and DOES 1-20, inclusive, <br><br>*Defendant*. | Case No.: <br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(d)AND § 1446; DECLARATION OF COUNSEL, MARINA SAMSON** |

# NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, the Russian Federation, hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. § 1441(d) and § 1446, and based upon the following grounds:

1. The removed action is a proceeding commenced before the Superior Court of California, County of Sacramento, on September 6, 2024, and styled *Zorya Research and Production Enterprises v. Russian Federation and Does 1-20, inclusive*, Case No. 24-cv-017784 (the "State Action"). In the State Action, Plaintiff seeks to enforce a foreign-country money judgment pursuant to California Civil Procedure Code §§ 1713, *et seq.*, against Defendant, the Russian Federation, which is a "foreign state" as defined under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603(a).

2. As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of the process, pleadings, and orders received by – and purportedly served upon – Defendant in the removed action. Defendant expressly reserves the right, among others, to challenge the validity, sufficiency, and adequacy of such process and purported service.

3. Because Defendant is a "foreign state" under 28 U.S.C. § 1603(a), removal of the State Action is proper under 28 U.S.C. § 1441(d), which provides as follows: "Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending."

4. The FSIA thus explicitly authorizes removal from the State courts to the federal courts in order to ensure uniform adjudication and to prevent adverse consequences for the foreign relations of the United States. *See, e.g., Verlinden B. V. v. Central Bank of Nigeria*, 461 U.S. 480, 497 (1983) ("Congress deliberately sought

to channel cases against foreign sovereigns away from the state courts and into federal courts . . . ."); H. R. Rep. No. 94-1487, at 32 (confirming that the FSIA empowers "foreign states" to "remove to a Federal forum"); *id.* at 13 (explaining the need for "broad jurisdiction in the Federal courts" in FSIA cases to ensure "uniformity" and minimize "adverse foreign relations consequences").

5.   Here, the State Action is properly removed to this Court because the Sacramento Division of the Eastern District of California is "the district and division embracing" the County of Sacramento under 28 U.S.C. § 1441(d). Defendant reserves the right, among others, to move to dismiss this litigation under Rule 12(b) of the Federal Rules of Civil Procedure based upon the lack of subject-matter jurisdiction under the FSIA and improper venue—among other grounds—and/or to transfer the present case under 28 U.S.C. § 1404(a) to the United States District Court for the District of Columbia, which is "the dedicated venue for actions against foreign states." *Bettis v. Islamic Republic of Iran*, 315 F.3d 325, 332 (D.C. Cir. 2003).

6.   Here, removal is timely under 28 U.S.C. § 1446(b) because "a copy of the initial pleading" and other attachments were received, on information and belief, at Defendant's Ministry of Foreign Affairs on May 12, 2025.

7.   Respectfully, Defendant hereby reserves the right to move for extension of potential deadlines, including under 28 U.S.C. § 1441(d). *See, e.g.*, Minute Order, *Teco Guatemala Holdings, LLC v. Republic of Guatemala*, No. 17-CV-0102 (D.D.C. Jan. 22, 2020) (granting extension of time to permit a foreign government "adequate time to confer with counsel" and "a full opportunity to present its arguments" under the FSIA).

8.   As required by 28 U.S.C. § 1446(d), written notice of the removal of this action will be transmitted to Plaintiff's counsel forthwith. A copy of this Notice is also being filed with the Clerk of the Superior Court of California, County of Sacramento.

9. Respectfully, nothing in this Notice of Removal shall be considered as consent to jurisdiction in the United States or a waiver of Defendant's sovereign immunity under the FSIA, or any other available immunity or defense. Nor shall anything in this Notice be considered a waiver of service on Defendant as required under 28 U.S.C. § 1608(a). The Russian Federation hereby reserves all rights with regard to all such issues, immunities, and defenses.

WHEREFORE, Defendant hereby removes the State Action from the Superior Court of California, County of Sacramento, to this Court, and requests that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

Dated: June 10, 2025

**IVIE McNEILL WYATT PURCELL & DIGGS**

By: _____
Rodney S. Diggs, Esq.
Marina Samson, Esq.
Attorneys for Defendant,
**THE RUSSIAN FEDERATION**

## DECLARATION OF MARINA SAMSON

I, Marina Samson, declare as follows:

1. I am a senior attorney at law duly licensed and admitted to practice before all courts of the State of California, in the United States District Court for the Central and Eastern Districts of California and the United States Court of Appeals for the Ninth Circuit. I am a partner in the law firm of Ivie McNeill Wyatt Purcell & Diggs, counsel for Defendant the Russian Federation in this action. The statements contained in this declaration are made of my personal knowledge except as to those statements expressly stated to be made under information and belief. If called to testify as a witness, I could and would competently testify to the facts set forth herein below.

2. Attached hereto as Exhibit 1, is a true and correct copy of Plaintiff's Complaint For Recognition And Enforcement off Foreign-Country Money Judgment and the Summons purportedly served on the Russian Federation because "a copy of the initial pleading" and other attachments were received, on information and belief, at the Russian Federation's Ministry of Foreign Affairs on May 12, 2025.

3. The only defendant to date is the Russian Federation who has been served. The Russian Federation consents to the removal of this matter.

4. Nothing in this Notice of Removal shall be considered as consent to jurisdiction in the United States or a waiver of Defendant's sovereign immunity under the FSIA, or any other available immunity or defense. Nor shall anything in this Notice be considered a waiver of service on Defendant as required under 28 U.S.C. § 1608(a). The Russian Federation hereby reserves all rights with regard to all such issues, immunities, and defenses.

5. The Notice of Removal is being filed in this Court and in the Superior Court of the State of California, County of Sacramento.

I declare under penalty of perjury to the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of June 2025 at Los Angeles, California.

    /s/ *Marina Samson*
Marina Samson, Esq., Declarant

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the County aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 444 S. Flower Street, Suite 3200, Los Angeles, CA 90071.

On June 10, 2025, I served the within ***NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(D) AND § 1446; DECLARATION OF COUNSEL, MARINA SAMSON*** on all interested parties in said action:

**[X]** by placing the thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

**[ ]** OVERNIGHT MAIL: I caused such envelope to be delivered via overnight mail to the offices of the addressee(s) listed below:

**[ X ]** BY E-MAIL: I caused said document to be e-mailed as indicated on the attached service list.

**[ X]** BY MAIL

**[ ]** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

**[X]** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than   one day after date of deposit for mailing in affidavit.

**[ X ]** **FEDERAL -** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 10, 2025, at Los Angeles, California.

**MARTHA CARRILLO**              __*/s/-Martha Carrillo*_____

---

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(d)AND § 1446; DECLARATION OF COUNSEL, MARINA SAMSON - 7

## SERVICE LIST

| | |
|---|---|
| Kurt A. Kappes (SBN CA 146384)<br>Alexander L. Nowinski (SBN CA 304967)<br>GREENBERG TRAURIG, LLP<br>400 Capitol Mall, Suite 2400<br>Sacramento, California 95814<br>Telephone: 916.442.1111<br>Facsimile: 916.448.1709<br>kappesk@gtlaw.com<br>alexander.nowinski@gtlaw.com | Attorneys for Plaintiff,<br>**ZORYA RESEARCH AND PRODUCTION ENTERPRISES** |
| Jason H. Kislin *(pro hac vice pending)*<br>GREENBERG TRAURIG, LLP<br>500 Campus Drive, Suite 400<br>Florham Park, New Jersey 07932<br>Telephone: 973.360.7900<br>Facsimile: 973.301.8410<br>kislinj@gtlaw.com | Attorneys for Plaintiff,<br>**ZORYA RESEARCH AND PRODUCTION ENTERPRISES** |